IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BETHANIE WALKER,                         3:13-cv-00490-BR

       Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

       Defendant.


BRUCE W. BREWER
Law Offices of Bruce W. Brewer, PC
P.O. Box 421
West Linn, OR 97068
(360) 688-0458

       Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

DAVID MORADO
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Bethanie Walker seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for SSI on December 15, 2009. Tr. 20.[2] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 24, 2011. Tr. 20. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 20.

The ALJ issued a decision on September 12, 2011, in which he found Plaintiff is not entitled to benefits. Tr. 30. That decision became the final decision of the Commissioner on January 28, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

## BACKGROUND

Plaintiff was born on August 7, 1989, and was 22 years old at the time of the hearing. Tr. 42. Plaintiff completed high school. Tr. 42. Plaintiff does not have any past relevant work. Tr. 28.

Plaintiff alleges disability since August 30, 2009, due to bipolar disorder, asthma, and protein C deficiency. Tr. 151.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

---

[2] Citations to the official transcript of record filed by the Commissioner on August 5, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

4 - OPINION AND ORDER

(9th Cir. 2009)). It is more than a "mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is

5 - OPINION AND ORDER

potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 15, 2009, her application date. Tr. 22.

At Step Two the ALJ found Plaintiff has the severe impairments of protein C deficiency with deep-vein thrombosis, asthma, and borderline personality disorder. Tr. 22.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 24. The ALJ found Plaintiff has the RFC to perform light work except

> all postural limitations are limited to frequently, except only occasional climbing of ramps and stairs, and never climbing of ropes, ladders, and scaffolds. [Plaintiff] should avoid concentrated exposure to environmental irritants and hazards. She can perform simple repetitive tasks, and can occasionally perform detailed and complicated tasks. She is limited to occasional contact with supervisors, coworkers, and the public. She needs to be able to move about on a regular basis where she would be walking most of the time.

Tr. 25.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work. Tr. 28.

8 - OPINION AND ORDER

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as mail clerk, courier, and security guard. Tr. 29. Accordingly, the ALJ found Plaintiff is not disabled and, therefor, is not entitled to benefits.

## DISCUSSION

Plaintiff contends the ALJ erred (1) by improperly rejecting the lay-witness statement of Creston Hendrickson and (2) by providing an inadequate hypothetical to the VE and relying on the erroneous testimony of the VE.

### I.   Lay-Witness Statement

Plaintiff contends the ALJ erred when he rejected the written statement of lay-witness Creston Hendrickson.

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work. *Molina*, 674 F.3d at 1114. If the ALJ discounts the testimony of lay witnesses, he "must give reasons that are germane to each witness." *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). *See also Lester*, 81 F.3d at 834 (improperly rejected lay-witness testimony is credited as a matter of law).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that

9 - OPINION AND ORDER

the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

On January 1, 2010, Hendrickson stated in a Third Party Function Report that he is Plaintiff's boyfriend, has known Plaintiff for two years, lives with her, and spends every day with her. Tr. 180. Hendrickson stated he has to help Plaintiff put on her pants, shave, and bathe. Tr. 181. Hendrickson also stated Plaintiff does laundry, cleans, shops, reads, watches television, writes, and visits her father. Tr. 182-84. Hendrickson explained Plaintiff has difficulty getting along with others because she is bipolar and gets angry quickly. Tr. 184. Hendrickson also stated Plaintiff sits or lays down often and her leg hurts most of the time, particularly when she stands for long periods of time. Tr. 180, 185.

The ALJ considered Hendrickson's statement that Plaintiff "is able to clean the apartment; takes the dog out; washes the laundry; and, shops for groceries." Tr. 28. The ALJ concluded these statements suggest Plaintiff is not as limited as she contends. Tr. 28.

As Plaintiff points out, however, the ALJ did not give specific reasons for rejecting Hendrickson's statements regarding the limiting effects of Plaintiff's alleged impairments. The

10- OPINION AND ORDER

Court notes, nonetheless, that Hendrickson's statements as to Plaintiff's limitations generally repeat Plaintiff's testimony, which the ALJ rejected in part because her "daily activities suggest a level of functioning greater than what she has alleged in her application and testimony." Tr. 27. The Court also notes Plaintiff did not object to the ALJ's finding that Plaintiff was not entirely credible as to the limiting effects of her alleged symptoms, and, therefore, in effect, Plaintiff concedes such a finding was proper. Tr. 27.

Although the ALJ did not provide specific reasons germane to Hendrickson for disregarding his statement in part, the Court concludes such error was harmless because Hendrickson's testimony generally repeated Plaintiff's properly discredited testimony.

**II. VE Testimony**

Plaintiff contends the ALJ erred (1) by giving the VE an inadequate hypothetical and (2) by failing to elicit an explanation from the VE as to the conflict between the Dictionary of Occupational Titles (DOT) and the VE's testimony that Plaintiff is capable of performing the job of security guard.

**A.    Hypothetical to the VE**

Plaintiff contends the ALJ provided an inadequate hypothetical to the VE because the ALJ misstated the limitation from Plaintiff's RFC that Plaintiff "needs to be able to move about on a regular basis where *she would be walking most of the*

11- OPINION AND ORDER

*time.*" Tr. 25 (emphasis added).[3]  The Court agrees.  In his hypothetical to the VE, the ALJ instead stated the individual would need to "be able to move on a pretty regular basis for [*sic*] walk and up and down and she's not sitting or standing in place all day," and "I'm not talking about her being able to walk, move around, not stand still, *not where she's walking most of the day*."  Tr. 59 (emphasis added).  The ALJ's hypothetical to the VE that the individual would not be walking most of the day directly contradicts Plaintiff's RFC that requires she walk "most of the time."  Tr. 25.

Accordingly, the Court concludes the ALJ erred by providing a hypothetical to the VE that was inconsistent with Plaintiff's RFC.

### B.  Conflict with the DOT

Plaintiff also contends the ALJ erred by relying on the VE's testimony that Plaintiff could perform the job of security guard, which diverged from the DOT without explanation.

The DOT is presumptively authoritative regarding job classifications, but the presumption is rebuttable.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  "[A]n ALJ may rely

---

[3]  Plaintiff also contends the ALJ failed to include in the hypothetical a restriction that Plaintiff is unable to drive because she does not have a driver's license.  The Court does not find this argument persuasive because the record reflects Plaintiff's failure to obtain a driver's license is not due to any of her alleged medical impairments.  *See* Tr. 61.

12- OPINION AND ORDER

on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Id.* Thus, before he may rely on the VE's testimony, an ALJ "must first determine whether a conflict exists." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (2007). In accordance with SSR 00-4p, the ALJ must, in other words, ask the VE whether his testimony is consistent with the DOT. *Id.* at 1152-53. If "there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict." SSR 00-4p. *See also Massachi*, 486 F.3d at 1153-54.

"The DOT lists a specific vocational preparation (SVP) time for each described occupation." SSR 00-4p. Unskilled work corresponds to an SVP of 1-2 and semi-skilled work corresponds to an SVP of 3-4 in the DOT. *Id.* Plaintiff contends the VE's testimony that Plaintiff could perform the job of a security guard (DOT 372.667-038)[4] conflicted with the DOT in light of the fact that the job of security guard has an SVP of 3 and Plaintiff is only capable of performing unskilled work (*i.e.*, jobs with an SVP of 1-2). Plaintiff contends, therefore, the ALJ erred because he did not elicit testimony from the VE to resolve this apparent conflict. The Court agrees.

---

   [4] The Court notes the official title of the occupation that corresponds with DOT 372.667-038 is "merchant patroller," but an alternate title is "security guard."

13- OPINION AND ORDER

The record reflects the ALJ concluded "transferability of job skills is not an issue because [Plaintiff] does not have past relevant work." Tr. 28. SSR 82-41 provides:

> Transferability of skills is an issue only when an individual's impairment(s), though severe, does not meet or equal the criteria in the Listing of Impairments in Appendix 1 of the regulations but does prevent the performance of past relevant work (PRW), and that work has been determined to be skilled or semiskilled. (PRW is defined in regulations sections 404.1565 and 416.965.) When the table rules in Appendix 2 are applicable to a case, transferability will be decisive in the conclusion of 'disabled' or 'not disabled' in only a relatively few instances because, even if it is determined that there are no transferable skills, a finding of "not disabled" may be based on the ability to do unskilled work.

Here the ALJ concluded Plaintiff did not have transferrable job skills. She is limited, therefore, to performing only unskilled work and is precluded from performing a semi-skilled job that has an SVP 3 such as security guard. The ALJ did not identify this apparent conflict between the DOT and the VE's testimony and did not elicit testimony from the VE explaining this conflict at the hearing.

Accordingly, the Court concludes the ALJ erred when he relied on the part of the VE's testimony that conflicts with the DOT.

## **REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

14- OPINION AND ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *See, e.g., Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See, e.g., Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Because the ALJ posed an inadequate hypothetical to the VE by misstating Plaintiff's limitations and did not require an explanation about the conflict between the VE's testimony and the

15- OPINION AND ORDER

DOT, this Court cannot determine whether the VE's testimony was reliable. *See Massachi*, 486 F.3d at 1154. Thus, the Court "cannot determine whether substantial evidence supports the ALJ's finding" that the claimant can perform other work, and, as a result, this matter must be remanded. *See id*.

Accordingly, because the Court has determined the ALJ erred with respect to the hypothetical he posed to the VE and in his reliance on the VE's testimony that conflicts with the DOT, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 9th day of May, 2014.

_____
ANNA J. BROWN
United States District Judge